# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

SAID HERRERA, :

    Petitioner :

                                                              CIVIL ACTION NO. 3:13-0307

   v. :

                                                              (Judge Mannion)

D. ZICKENFOOSE, Warden :

    Respondent :

## MEMORANDUM

Said Herrera, an inmate confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Herrera challenges the Bureau of Prisons' ("BOP") authority to set restitution payment schedules through its Inmate Financial Responsibility Program (IFRP).[1] (Doc. No. 1, petition). Specifically, Herrera alleges that the BOP does not have authority to "force" him to participate in the IFRP, because "the sentencing court did not set a payment schedule by which Petitioner was to pay down his criminal fine/sentence while in prison." Id. He claims that he signed the corresponding

---

[1] The IFRP provides a means to ensure that inmates meet their court ordered financial obligations. Upon arrival at their designated institution, inmates receive instruction on how the IFRP works and what the sanctions are for those inmates who refuse to participate. See 28 C.F.R. §545. 10, et seq.

financial plan "under duress" and that his inmate account "now has an on going debit of $25.00." Id. Herrera claims the "duress" consisted of the threat that he would be placed on "IFRP Refusal" status if he did not execute the financial plan. Id. The petition is ripe for disposition, and for the reasons outlined below, the petition will be **DENIED**.

I. **Background**

On April 13, 2009, Herrera was sentenced in the United States District Court for the Western District of Texas to a term of imprisonment of "LIFE," followed by an aggregated term of supervision for five (5) years, for the following offenses committed between January 1, 2003 and January 9, 2008: a.) Engaging in the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §1962; b.) Conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §1962; c.) Conspiring to interfere with commerce by threats or violence, in violation of 18 U.S.C. §1951; and, d.) Conspiring to possess with intent to distribute a quantity of heroin, cocaine and marijuana, in violation of 18. U.S.C. §§841, 846. (Doc. No. 6, Att. 1, Judgment in a Criminal Case). Herrera was also ordered to pay a special assessment in the amount of $400.00 and a fine

in the amount of $2,500.00. Id. The court ordered the fine to be paid as follows:

> The defendant shall pay a fine of $2,500.00. Payment of this sum shall begin immediately. The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. §3612(f)(3). The fine is below guideline range because of the defendant's inability to pay a fine within the guideline range.

Id. Herrera completed his payments on the $400.00 special assessment prior to his transfer to USP-Allenwood. (Doc. No. 6, Att. 4, Inmate Financial Responsibility).

On June 27, 2012, Herrera arrived at USP-Allenwood. (Doc. No. 6, Att. 2, Inmate History).

On July 2, 2012, Herrera executed an Inmate Financial Plan wherein he agreed to make quarterly payments in the amount of $25.00 toward his court-ordered fine. (Doc. No. 6, Att. 3, Inmate Financial Plan). Pursuant to the agreement, the first payment was to be made in September 2012. Id.

Herrera has made three (3) payments since his incarceration at USP-Allenwood, leaving an outstanding balance of $2,325.00, on his court-ordered fine. (Doc. No. 6, Att. 4, Inmate Financial Responsibility). These payments were made on September 11, 2012, December 11, 2012 and March 12, 2013. Id.

On February 7, 2013, Petitioner filed the instant petition for writ of habeas corpus in which he "requests a temporary restraining order for the Respondent to cease collecting IFRP payments from his account" and "Order the Respondent to designate [him] 'IFRP-Exempt'." Id.

## II. Discussion

### A. Exhaustion of Administrative Remedies

Although there is no statutory exhaustion requirement attached to habeas petitions brought pursuant to 28 U.S.C. §2241, a federal prisoner must exhaust his administrative remedies prior to filing a §2241 petition. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under §2241. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."

Moscato, 98 F.3d at 761-62. In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. §542.10 et seq., otherwise, the habeas petition should be dismissed. Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under §2241). Exhaustion is not required, however, if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Schandelmeier, 819 F.2d at 53; Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. §542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. §542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. §542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional

Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. §542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. §542.18. Finally, the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

On March 13, 2013, BOP searched their administrative index database, which revealed that Herrera failed to exhaust his administrative remedies pertaining to his IFRP grievance. (See Doc. No. 6, Ex. 5, Administrative Remedy Generalized Retrieval). Specifically, while in BOP custody, Herrera has filed three administrative remedies, all of which predate his arrival at USP-Allenwood, and none of which address his participation in the IFRP.[2] As such,

---

[2] On April 26, 2010, Herrera filed Administrative Remedy No. 592164-R1 concerning the rejection of inmate to inmate correspondence. (See Doc. No. 6, Ex. 5, Administrative Remedy Generalized Retrieval). On February 11, 2011, Herrera filed Administrative Remedy No. 626349-F1 concerning mail complaints, and on March 16, 2011, Herrera filed Administrative Remedy No. 631154-F1 concerning the denial of permission to correspond with a co-defendant. Id.

Herrera has failed to exhaust the administrative remedy process prior to bringing the instant action.

Herrera concedes that he did not exhaust his administrative remedies. (Doc. No. 7, traverse). If a federal prisoner is not in compliance with §542.10 then the habeas petition should be denied. Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir.1981). However, under limited circumstances, a prisoner may not be required to exhaust the administrative remedies. A prisoner's failure to exhaust may be excused if he can show that there is no opportunity to obtain adequate redress, or that the issue the prisoner presents only pertains to statutory construction, if the prisoner can affirmatively show that the pursuit of the administrative remedy would be futile. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir.1998); Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir.1986); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d. Cir.1981). Herrera here has not shown that his situation meets the above mentioned exceptions.

**B.     Merits**

In addition to Petitioner's procedural default, his petition fails to illustrate any substantive grounds necessary to warrant relief. Specifically, Herrera challenges his participation in the IFRP based upon the sentencing court's

7

failure to set a payment schedule under which petitioner could pay off his $2500.00 fine and $400.00 special assessment. Petitioner contends that the sentencing court was obligated to set a specific payment schedule for him to pay off his "restitution" and that determination of restitution payments is a judicial act and may not be delegated to the BOP. (Doc. No. 1, petition).

The Attorney General is responsible for the collection of criminal fines. 18 U.S.C. §3612(c). The time and method of payment is governed by 18 U.S.C. §3572(d)(1), which provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless ... the court provides for payment on a date certain or in installments." However, "unlike with restitution, there is no provision mandating that the order for a fine or special assessment include a payment schedule in consideration of the defendant's economic circumstances." Costigan v. Yost, 318 Fed. Appx. 58, 60 (3d Cir. 2008); see also Douglas v. Martinez, 416 Fed. Appx. 168, 170 (3d Cir. 2010)(sentencing court is not required to set a schedule for the payment of a special assessment and §3572(d) does not preclude a sentencing court from delegating the scheduling of such payments to the BOP through its IRFP program).

"In fact, federal regulation 28 C.F.R. §545.10 explicitly permits the BOP to 'assist the inmate in developing a financial plan for meeting' his or her 'legitimate financial obligations.'" Yost, 318 Fed. Appx. at 60. Under the IFRP, prison staff "shall help th[e] inmate develop a financial plan and shall monitor the inmate's progress in meeting" his obligations. 28 C.F.R. §545.11. The BOP established the IFRP to encourage sentenced inmates to meet their legitimate financial obligations. (Doc. No. 6, Ex. 1, Declaration of Krista Klett, BOP Attorney, at ¶ 5). When inmates, such as Herrera, have a financial obligation, members of the prison staff assist the inmate to develop a financial plan and monitor the inmate's progress in meeting that obligation. Id. ¶ 6. "[T]he goal of the IFRP is to achieve compliance with a provision of each inmate's criminal judgment—namely, the timely payment of whatever sum the court has ordered him to pay." McGee v. Martinez, 627 F.3d 933, 936 (3d Cir.2010).

In the instant case, although the sentencing court is not required to set a schedule for payment of special assessments, Yost, 318 Fed. Appx. at 60; see also Douglas, 416 Fed. Appx. at 170, the record demonstrates that the sentencing court specifically ordered that payment of this fine "shall begin immediately". (See Doc. No. 6, Att. 1, Judgment in a Criminal Case). As Herrera is currently serving a term of life imprisonment, it seems extremely

unlikely, if not impossible, for him to pay this fine following release. Thus, to the extent that Herrera executed a financial plan with the assistance of prison staff, wherein petitioner was obligated to make quarterly payments in the amount of $25.00 until the total amount of his fine and special assessment is paid in full, the law provides that the BOP was authorized to encourage petitioner to participate in the IFRP to help him meet his financial obligations. Accordingly, Herrera has failed to establish any substantive grounds justifying habeas relief.

### C. Transfer

Finally, both parties seek, in the alternative, for the instant action to be transferred to the Western District of Texas, the district in which Petitioner was originally sentenced. However, based on this Court's analysis, we find that such a transfer would be futile and impose an unnecessary burden on the Western District of Texas. Accordingly, the request for transfer is denied.

## III. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition

of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir.2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ——U.S. ——, ——, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133(3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 31, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0307-01.wpd